MICHAEL FAILLACE & ASSOCIATES, P.C.
60 East 42nd Street, Suite 4510
New York, New York 10165
Telephone: (212) 317-1200
Facsimile: (212) 317-1620
*Attorneys for Plaintiff*

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
--------------------------------------------------------X
MARCELO RIVERA NERI, *individually and*
*on behalf of others similarly situated,*

|  |  |
|---|---|
| Plaintiff, | **COMPLAINT** |
| -against- | **COLLECTIVE ACTION UNDER** |
| ARIEY NUSSBAUM, ISLAM ABBAS (AKA SAMMY), HAIM WYSOKI, and DOV MOSHE, | **29 U.S.C. § 216(b)** |
|  | **ECF Case** |
| Defendants. | |

--------------------------------------------------------X

Plaintiff Marcelo Rivera Neri ("Plaintiff Rivera" or "Mr. Rivera"), individually and on behalf of others similarly situated, by and through his attorneys, Michael Faillace & Associates, P.C., upon his knowledge and belief, and as against Ariey Nussbaum, Islam Abbas (aka Sammy), Haim Wysoki, and Dov Moshe, ("Individual Defendants"), alleges as follows:

## NATURE OF ACTION

1.      Plaintiff Rivera is a former employee of Defendants Ariey Nussbaum, Islam Abbas (aka Sammy), Haim Wysoki, and Dov Moshe.

2.      Defendants own, operate, or control a bagel shop, located at 1101 Lexington Ave New York, NY 10075.

3.      Upon information and belief, individual Defendants Ariey Nussbaum, Islam Abbas (aka Sammy), Haim Wysoki, and Dov Moshe, serve or served as owners, managers, principals, or agents of the bagel shop and operate or operated the bagel shop as a joint or unified enterprise.

4.      Plaintiff Rivera was employed as a counter worker and food preparer.

5.      At all times relevant to this Complaint, Plaintiff Rivera worked for Defendants in excess of 40 hours per week, without appropriate overtime compensation for the hours that he worked.

6.      Rather, Defendants failed to pay Plaintiff Rivera appropriately for any hours worked, either at the straight rate of pay or for any additional overtime premium.

7.      Defendants' conduct extended beyond Plaintiff Rivera to all other similarly situated employees.

8.      At all times relevant to this Complaint, Defendants maintained a policy and practice of requiring Plaintiff Rivera and other employees to work in excess of forty (40) hours per week without providing the overtime compensation required by federal and state law and regulations.

9.      Plaintiff Rivera now brings this action on behalf of himself, and other similarly situated individuals, for unpaid overtime wages pursuant to the Fair Labor Standards Act of 1938, 29 U.S.C. § 201 *et seq*. ("FLSA"), and for violations of the N.Y. Labor Law §§ 190 *et seq*. and 650 *et seq.* (the "NYLL"), including applicable liquidated damages, interest, attorneys' fees and costs.

10.     Plaintiff Rivera seeks certification of this action as a collective action on behalf of himself, individually, and all other similarly situated employees and former employees of Defendants pursuant to 29 U.S.C. § 216(b).

**JURISDICTION AND VENUE**

11.     This Court has subject matter jurisdiction under 28 U.S.C. § 1331 (federal question) and the FLSA, and supplemental jurisdiction over Plaintiff Rivera's state law claims under 28 U.S.C. § 1367(a).

12.     Venue is proper in this district under 28 U.S.C. § 1391(b) and (c) because all, or a substantial portion of, the events or omissions giving rise to the claims occurred in this district, Defendants maintain their corporate headquarters and offices within this district, and Defendants operate a bagel shop located in this district. Further, Plaintiff Rivera was employed by Defendants in this district.

**PARTIES**

*Plaintiff*

13.     Plaintiff Marcelo Rivera Neri ("Plaintiff Rivera" or "Mr. Rivera") is an adult individual residing in New York County, New York.

14.     Plaintiff Rivera was employed by Defendants at Pick A Bagel from approximately June 2010 until on or about December 2014 and from approximately December 2015 until on or about October 2017.

15.     Plaintiff Rivera consents to being a party plaintiff pursuant to 29 U.S.C. § 216(b), and brings these claims based upon the allegations herein as a representative party of a prospective class of similarly situated individuals under 29 U.S.C. § 216(b).

*Defendants*

16.     At all relevant times, Defendants owned, operated, or controlled a bagel shop, located at 1101 Lexington Ave New York, NY 10075.

17.     Defendant Ariey Nussbaum is an individual engaging (or who was engaged) in business in this judicial district during the relevant time period. Defendant Ariey Nussbaum is sued individually in his capacity as owner, officer and/or agent of Defendant Corporations. Defendant Ariey Nussbaum possesses operational control over Defendant Corporations, an ownership interest in Defendant Corporations, and controls significant functions of Defendant Corporations. He determines the wages and compensation of the employees of Defendants, including Plaintiff Rivera , establishes the schedules of the employees, maintains employee records, and has the authority to hire and fire employees.

18.     Defendant Islam Abbas (aka Sammy) is an individual engaging (or who was engaged) in business in this judicial district during the relevant time period. Defendant Islam Abbas (aka Sammy) is sued individually in his capacity as a manager of Defendant Corporations. Defendant Islam Abbas (aka Sammy) possesses operational control over Defendant Corporations and controls significant functions of Defendant Corporations. He determines the wages and compensation of the employees of Defendants, including Plaintiff Rivera, establishes the schedules of the employees, maintains employee records, and has the authority to hire and fire employees.

19.     Defendant Haim Wysoki is an individual engaging (or who was engaged) in business in this judicial district during the relevant time period. Defendant Haim Wysoki is sued individually in his capacity as owner, officer and/or agent of Defendant Corporations. Defendant Haim Wysoki possesses operational control over Defendant Corporations, an ownership interest in Defendant Corporations, and controls significant functions of Defendant Corporations. He determines the wages and compensation of the employees of Defendants, including Plaintiff Rivera, establishes the schedules of the employees, maintains employee records, and has the authority to hire and fire employees.

20.     Defendant Dov Moshe is an individual engaging (or who was engaged) in business in this judicial district during the relevant time period. Defendant Dov Moshe is sued individually in his capacity as owner, officer and/or agent of Defendant Corporations. Defendant Dov Moshe possesses operational control over Defendant Corporations, an ownership interest in Defendant Corporations, and controls significant functions of Defendant Corporations. He determines the wages and compensation of the employees of Defendants, including Plaintiff Rivera , establishes the schedules of the employees, maintains employee records, and has the authority to hire and fire employees.

## FACTUAL ALLEGATIONS

*Defendants Constitute Joint Employers*

21.     Defendants operate a bagel shop located in the Upper East Side of Manhattan.

22.     Individual Defendants, Ariey Nussbaum, Islam Abbas (aka Sammy), Haim Wysoki, and Dov Moshe, possess operational control over the bagel shop, possess ownership interests in the bagel shop, or control significant functions of the bagel shop.

23.     Defendants are associated and joint employers, act in the interest of each other with respect to employees, pay employees by the same method, and share control over the employees.

24.     Each Defendant possessed substantial control over Plaintiff Rivera's (and other similarly situated employees') working conditions, and over the policies and practices with respect to the employment and compensation of Plaintiff Rivera, and all similarly situated individuals, referred to herein.

25.     Defendants jointly employed Plaintiff Rivera (and all similarly situated employees) and are Plaintiff Rivera's (and all similarly situated employees') employers within the meaning of 29 U.S.C. 201 *et seq*. and the NYLL.

26.     In the alternative, Defendants constitute a single employer of Plaintiff Rivera and/or similarly situated individuals.

27.     At all relevant times, Defendants were Plaintiff Rivera's employers within the meaning of the FLSA and New York Labor Law. Defendants had the power to hire and fire Plaintiff Rivera , controlled the terms and conditions of employment, and determined the rate and method of any compensation in exchange for Plaintiff Rivera's services.

28.     In each year from 2012 to 2018, Defendants, both separately and jointly, had a gross annual volume of sales of not less than $500,000 (exclusive of excise taxes at the retail level that are separately stated).

29.     In addition, upon information and belief, Defendants and/or their enterprise were directly engaged in interstate commerce. As an example, numerous items that were used in the bagel shop on a daily basis are goods produced outside of the State of New York.

*Individual Plaintiff*

30.     Plaintiff Rivera is a former employee of Defendants who was employed as a counter worker and food preparer. Plaintiff Rivera seeks to represent a class of similarly situated individuals under 29 U.S.C. 216(b).

*Plaintiff Marcelo Rivera Neri*

31.     Plaintiff Rivera was employed by Defendants from approximately June 2010 until on or about December 2014 and from approximately December 2015 until on or about October 2017.

32.     Defendants employed Plaintiff Rivera as a food preparer and counter worker.

33.     Plaintiff Rivera regularly handled goods in interstate commerce, such as cream cheeses and other supplies produced outside the State of New York.

34.     Plaintiff Rivera's work duties required neither discretion nor independent judgment.

35.    Throughout his employment with Defendants, Plaintiff Rivera regularly worked in excess of 40 hours per week.

36.    From approximately September 2012 until on or about December 2014 and from approximately December 2015 until on or about January 2017, Plaintiff Rivera worked from approximately 5:00 a.m.  until on or about 2:30 p.m., 6 days per week (typically 57 hours per week).

37.    From approximately September 2012 until on or about January 2017, Defendants paid Plaintiff Rivera his wages in a combination of check and cash.

38.    From approximately September 2012 until on or about December 2013, Defendants paid Plaintiff Rivera $7.50 per hour.

39.    From approximately January 2014 until on or about December 2014 and during December 2015, Defendants paid Plaintiff Rivera $9.00 per hour

40.    From approximately January 2016 until on or about January 2017, Defendants paid Plaintiff Rivera $11.00 per hour.

41.    From approximately September 2012 until on or about January 2017, Defendants did not provide Plaintiff Rivera an accurate statement of wages, as required by NYLL 195(3).

42.    In fact, Defendants adjusted Plaintiff Rivera's paystubs so that they reflected inaccurate wages and hours worked.

43.    Defendants did not give any notice to Plaintiff Rivera of his rate of pay, employer's regular pay day, and such other information as required by NYLL §195(1).

*Defendants' General Employment Practices*

44.    At all times relevant to this Complaint, Defendants maintained a policy and practice of requiring Plaintiff Rivera (and all similarly situated employees) to work in excess of 40 hours a week without paying him appropriate overtime compensation as required by federal and state laws.

45.     Plaintiff Rivera was a victim of Defendants' common policy and practices which violate his rights under the FLSA and New York Labor Law by, *inter alia*, not paying him the wages he was owed for the hours he worked.

46.     Defendants' time keeping system did not reflect the actual hours that Plaintiff Rivera worked.

47.     Defendants paid Plaintiff Rivera his wages in a combination of check and cash.

48.     Upon information and belief, these practices by Defendants were done willfully to disguise the actual number of hours Plaintiff Rivera (and similarly situated individuals) worked, and to avoid paying Plaintiff Rivera properly for his full hours worked.

49.     Defendants engaged in their unlawful conduct pursuant to a corporate policy of minimizing labor costs and denying employees compensation by knowingly violating the FLSA and NYLL.

50.     Defendants' unlawful conduct was intentional, willful, in bad faith, and caused significant damages to Plaintiff Rivera and other similarly situated former workers.

51.     Defendants failed to provide Plaintiff Rivera and other employees with accurate wage statements at the time of their payment of wages, containing: the dates of work covered by that payment of wages; name of employee; name of employer; address and phone number of employer; rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; gross wages; deductions; allowances, if any, claimed as part of the minimum wage; net wages; the regular hourly rate or rates of pay; the overtime rate or rates of pay; the number of regular hours worked; and the number of overtime hours worked, as required by NYLL §195(3).

52.     Defendants failed to provide Plaintiff Rivera and other employees, at the time of hiring and on or before February 1 of each subsequent year, a statement in English and the

employees' primary language, containing: the rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; allowances, if any, claimed as part of the minimum wage, including tip, meal, or lodging allowances; the regular pay day designated by the employer; the name of the employer; any "doing business as" names used by the employer; the physical address of the employer's main office or principal place of business, and a mailing address if different; and the telephone number of the employer, as required by New York Labor Law §195(1).

## FLSA COLLECTIVE ACTION CLAIMS

53.     Plaintiff Rivera brings his FLSA overtime compensation and liquidated damages claims as a collective action pursuant to FLSA Section 16(b), 29 U.S.C. § 216(b), on behalf of all similarly situated persons (the "FLSA Class members"), i.e., persons who are or were employed by Defendants or any of them, on or after the date that is three years before the filing of the complaint in this case (the "FLSA Class Period").

54.     At all relevant times, Plaintiff Rivera and other members of the FLSA Class were similarly situated in that they had substantially similar job requirements and pay provisions, and have been subject to Defendants' common practices, policies, programs, procedures, protocols and plans including willfully failing and refusing to pay them the required overtime pay at a one and one-half their regular rates for work in excess of forty (40) hours per workweek under the FLSA.

55.     The claims of Plaintiff Rivera stated herein are similar to those of the other employees.

## FIRST CAUSE OF ACTION

## VIOLATION OF THE OVERTIME PROVISIONS OF THE FLSA

56.     Plaintiff Rivera repeats and realleges all paragraphs above as though fully set forth herein.

57. At all times relevant to this action, Defendants were Plaintiff Rivera's employers (and employers of the putative FLSA Class members) within the meaning of the Fair Labor Standards Act. 29 U.S.C. § 203(d). Defendants had the power to hire and fire Plaintiff Rivera (and the FLSA Class members), controlled the terms and conditions of employment, and determined the rate and method of any compensation in exchange for his employment.

58. At all times relevant to this action, Defendants were engaged in commerce or in an industry or activity affecting commerce.

59. Defendants constitute an enterprise within the meaning of the Fair Labor Standards Act. 29 U.S.C. § 203 (r-s).

60. Defendants, in violation of 29 U.S.C. § 207(a)(1), failed to pay Plaintiff Rivera (and the FLSA Class members) overtime compensation at a rate of one and one-half times the regular rate of pay for each hour worked in excess of forty hours in a work week.

61. Defendants' failure to pay Plaintiff Rivera (and the FLSA Class members), overtime compensation was willful within the meaning of 29 U.S.C. § 255(a).

62. Plaintiff Rivera (and the FLSA Class members) were damaged in an amount to be determined at trial.

## SECOND CAUSE OF ACTION

## VIOLATION OF THE OVERTIME PROVISIONS

## OF THE NEW YORK STATE LABOR LAW

63. Plaintiff Rivera repeats and realleges all paragraphs above as though fully set forth herein.

64. Defendants, in violation of N.Y. Lab. Law § 190 *et seq*., and supporting regulations of the New York State Department of Labor, failed to pay Plaintiff Rivera overtime compensation

at rates of one and one-half times the regular rate of pay for each hour worked in excess of forty hours in a work week.

65.     Defendants' failure to pay Plaintiff Rivera overtime compensation was willful within the meaning of N.Y. Lab. Law § 663.

66.     Plaintiff Rivera was damaged in an amount to be determined at trial.

### THIRD CAUSE OF ACTION

### VIOLATION OF THE NOTICE AND RECORDKEEPING

### REQUIREMENTS OF THE NEW YORK LABOR LAW

67.     Plaintiff Rivera repeats and realleges all paragraphs above as though fully set forth herein.

68.     Defendants failed to provide Plaintiff Rivera with a written notice, in English, containing: the rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; allowances, if any, claimed as part of the minimum wage, including tip, meal, or lodging allowances; the regular pay day designated by the employer; the name of the employer; any "doing business as" names used by the employer; the physical address of the employer's main office or principal place of business, and a mailing address if different; and the telephone number of the employer, as required by NYLL §195(1).

69.     Defendants are liable to Plaintiff Rivera in the amount of $5,000, together with costs and attorneys' fees.

### FOURTH CAUSE OF ACTION

### VIOLATION OF THE WAGE STATEMENT PROVISIONS

### OF THE NEW YORK LABOR LAW

70.     Plaintiff Rivera repeats and realleges all paragraphs above as though fully set forth herein.

71.     With each payment of wages, Defendants failed to provide Plaintiff Rivera with an accurate statement listing each of the following: the dates of work covered by that payment of wages; name of employee; name of employer; address and phone number of employer; rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; gross wages; deductions; allowances, if any, claimed as part of the minimum wage; net wages; the regular hourly rate or rates of pay; the overtime rate or rates of pay; the number of regular hours worked; and the number of overtime hours worked, as required by NYLL 195(3).

72.     Defendants are liable to Plaintiff Rivera in the amount of $5,000, together with costs and attorneys' fees.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff Rivera respectfully requests that this Court enter judgment against Defendants by:

(a)     Designating this action as a collective action and authorizing prompt issuance of notice pursuant to 29 U.S.C. § 216(b) to all putative class members apprising them of the pendency of this action, and permitting them to promptly file consents to be Plaintiffs in the FLSA claims in this action;

(b)     Declaring that Defendants violated the overtime wage provisions of, and associated rules and regulations under, the FLSA as to Plaintiff Rivera and the FLSA Class members;

(c)     Declaring that Defendants' violations of the provisions of the FLSA were willful as to Plaintiff Rivera and the FLSA Class members;

(d)     Awarding Plaintiff Rivera and the FLSA Class members damages for the amount of unpaid overtime compensation and damages for any improper deductions or credits taken against wages under the FLSA as applicable;

(e)     Awarding Plaintiff Rivera and the FLSA Class members liquidated damages in an amount equal to 100% of his damages for the amount of unpaid overtime compensation, and damages for any improper deductions or credits taken against wages under the FLSA as applicable pursuant to 29 U.S.C. § 216(b);

(f)     Declaring that Defendants violated the overtime wage provisions of, and rules and orders promulgated under, the NYLL as to Plaintiff Rivera;

(g)     Declaring that Defendants' violations of the provisions of the NYLL were willful as to Plaintiff Rivera;

(h)     Awarding Plaintiff Rivera damages for the amount of unpaid overtime compensation, and for any improper deductions or credits taken against wages as applicable

(i)     Awarding Plaintiff Rivera liquidated damages in an amount equal to one hundred percent (100%) of the total amount of overtime compensation shown to be owed pursuant to NYLL § 663 as applicable; and liquidated damages pursuant to NYLL § 198(3);

(j)     Awarding Plaintiff Rivera and the FLSA Class members pre-judgment and post-judgment interest as applicable;

(k)     Awarding Plaintiff Rivera and the FLSA Class members the expenses incurred in this action, including costs and attorneys' fees;

(l)     Providing that if any amounts remain unpaid upon the expiration of ninety days following issuance of judgment, or ninety days after expiration of the time to appeal and no appeal is then pending, whichever is later, the total amount of judgment shall automatically increase by fifteen percent, as required by NYLL § 198(4); and

(m)     All such other and further relief as the Court deems just and proper.

## **JURY DEMAND**

Plaintiff Rivera demands a trial by jury on all issues triable by a jury.

Dated: New York, New York

September 11, 2018

MICHAEL FAILLACE & ASSOCIATES, P.C.

By:      /s/ Michael Faillace
Michael Faillace [MF-8436]
60 East 42nd Street, Suite 4510
New York, New York 10165
Telephone: (212) 317-1200
Facsimile: (212) 317-1620
*Attorneys for Plaintiff*

# Michael Faillace & Associates, P.C.
### Employment and Litigation Attorneys

60 E 42nd Street, Suite 4510
New York, New York 10165

Faillace@employmentcompliance.com

Telephone: (212) 317-1200
Facsimile: (212) 317-1620

January 12, 2018

BY HAND

TO:     Clerk of Court,

I hereby consent to join this lawsuit as a party plaintiff.
**(Yo, por medio de este documento, doy mi consentimiento para formar parte de la demanda como uno de los demandantes.)**

Name / Nombre:                    Marcelo Rivera Neri

Legal Representative / Abogado:   Michael Faillace & Associates, P.C.

Signature / Firma:                *Marcelo Rivera.*

Date / Fecha:                     12 de enero de 2018

*Certified as a minority-owned business in the State of New York*