# Michael Faillace & Associates, P.C.

Employment and Litigation Attorneys

60 East 42nd Street, Suite 4510  Telephone: (212) 317-1200
New York, New York 10165  Facsimile: (212) 317-1620

_____

February 19, 2020

**VIA ECF**

Hon. Sarah L. Cave
United States District Judge
United States District Court
Southern District of New York
40 Foley Square
New York, NY 10007

      **Re:**    <u>Patricio, et al. v. AHDS Bagel LLC, et al.;</u>
                Case No. 17-cv-4127-JPO-SLC
                <u>Agapito, et al. v. AHDS Bagel LLC, et al.;</u>
                Case No. 16-cv-8170-JPO-SLC
                <u>Neri, et al. v. Nussbaum, et al.</u>
                Case No. 17-cv-4127-JPO-SLC

Your Honor:

    This office represents Plaintiffs in the above-referenced matter. We submit this letter, together with Defendants' counsel, to respectfully request that the Court approve the settlement reached between Plaintiffs and Defendants in the above-referenced actions (together with Plaintiffs, the "Settling Parties").

    The Settling Parties have agreed to a negotiated Settlement Agreement concerning any and all federal or state wage-and-hour claims (the "Agreement") after extensive discussions. The Settling Parties have concluded that the Agreement is fair, reasonable, adequate and in the Parties' mutual best interests. The proposed Agreement is attached hereto as **Exhibit A. We note that the Agreement is not yet fully executed. Counsel are working to get all signatures. We ask that the Court not dismiss the action until we submit a fully executed Agreement.** We therefore jointly and respectfully request that the Court enter an Order approving the Agreement

as fair and reasonable, pursuant to Cheeks v. Freeport Pancake House, Inc., 796 F.3d 199 (2d Cir. 2015), and dismissing all of Plaintiff's wage-and-hour claims with prejudice.

**Background**

Plaintiffs allege that they were employed as delivery workers, a stock man, counter worker, food preparer, grill worker, and baker, at Defendants' bagel restaurant, "Pick a Bagel," located at 1101 Lexington Ave, New York, NY 10075. However, Plaintiffs who worked as delivery workers – namely, Plaintiff Adolfo Patricio Agapito ("Plaintiff Agapito"), Plaintiff Maximo Patricio ("Plaintiff Patricio"), Plaintiff Livorio Rivera ("Plaintiff Rivera") (collectively, "Plaintiff-delivery workers") – were required to spend a considerable part of their work day performing non-tipped duties, including but not limited to transporting food between different floors, cleaning the restaurant, mopping, and dishwashing, though the specific duties varied between the Plaintiffs ("non-tipped duties"). Plaintiff-delivery workers allege that they worked significant overtime during the course of their employment, but were paid a fixed weekly salary that did not account for overtime hours worked, and was sometimes less than the minimum wage rate of pay, thus resulting in significant unpaid overtime wages owed to Plaintiff-delivery workers. Further, Plaintiff-delivery workers allege that Defendants are not entitled to the tip credit minimum wage, as Plaintiff-delivery workers allege that they spent over 20% of the hours of their workdays performing non-tipped duties. See 12 N.Y.C.R.R. § 146-2.9(b). On the other hand, Plaintiff Marcelo Rivera Neri ("Plaintiff Neri"), a food preparer and counter worker, and Plaintiff Eleuterio Vargas Mendoza ("Plaintiff Mendoza"), a food preparer and grill worker, allege that they were paid an hourly rate, but straight time for overtime hours worked. Finally, Plaintiffs allege notice and wage statement violations under the New York Labor Law ("NYLL") § 195(1) and (3), *inter alia*. Accordingly, Plaintiffs brought this action to recover, *inter alia*, unpaid minimum and

overtime wages, spread of hours pay, statutory damages under NYLL § 195, expenses, liquidated damages, interest, attorneys' fees, and costs pursuant to The Fair Labor Standards Act of 1938 ("FLSA"), 29 U.S.C. 201 *et seq.*, the New York Minimum Wage Act, N.Y. Lab. Law § 650 *et seq.*, and the Spread of Hours Wage Order of the New York Commission of Labor codified at N.Y. COMP. CODES R. & REGS. tit. 12, 146-1.6.

Defendants deny Plaintiffs' allegations including, but not limited to, whether Plaintiffs actually worked the foregoing hours as alleged. Further, Defendants continue to assert that Defendants paid Plaintiff all monies due and owing.

After weighing the risks of trial and costs of further litigation, the Settling Parties have reached an agreement at an early stage.

**Settlement**

As an initial matter, we believe we owe an explanation to the Court as to why the settlement has not yet been fully executed after six extensions of the deadline to do so, from the original deadline of October 25, 2019. This is a result of the confluence of several factors which unfortunately delayed ultimate resolution. *First*, the attorney who handled this action for Plaintiffs at settlement, Paul Hershan, left Plaintiffs' attorneys' firm and withdrew shortly after an agreement in principle was reached. (Dkt. Nos. 115-116) His replacement, Finn Dusenberry, left the firm and withdrew in December 2019. (Dkt. Nos. 130-131) These changes in attorneys contributed to delays. *Second*, as an additional contributing factor, Defendants' attorney Lawrence Morrison was on grand jury duty in November and December and that delayed Defendants providing responses to settlement drafts. *Third*, when the parties reached an agreement in principle they originally agreed to begin nine monthly installments in December 15, 2019. As the agreement was not signed by that date, Plaintiffs took the position that any payments that had been scheduled for a date

before the settlement was approved should be immediately due on approval. Defendants disagreed and wanted to start the payments in March 2020. It took several rounds of negotiation to reach agreement for the first payment to be due February 15, 2020 (but not disbursed until approval), the Defendants to make a double payment on March 15, 2020, and to pay regular monthly installments for the remaining months. *Fourth*, one plaintiff and one defendant reside out of the country and that is presenting unique challenges to obtaining full execution of the Agreement.

Despite these challenges the parties do intend to go through with the settlement. The Defendants have provided settlement checks to Plaintiffs' attorneys which are currently being held and will be disbursed upon approval of the Agreement.

The parties support approval of the Agreement as fair. There is a "strong presumption in favor of finding a settlement fair," as "the Court is generally not in as good a position as the parties to determine the reasonableness of an FLSA settlement." Lliguichuzhca v. Cinema 60, LLC, 948 F. Supp. 2d 362, 365 (S.D.N.Y. 2013) (*quoting* Crabtree v. Volkert, Inc., 2013 WL 593500, at *3 (S.D. Ala. Feb. 14, 2013)). "In considering whether a settlement is fair and reasonable, the principal question is 'whether the agreement reflects a reasonable compromise of disputed issues [rather] than a mere waiver of statutory rights brought about by an employer's overreaching.'" *Id.* (*quoting* Le v. SITA Info. Networking Computing USA, Inc., 2008 WL 724155, at *1 (E.D.N.Y. Mar. 13, 2008)). Courts consider factors including "(1) the Plaintiff's range of possible recovery; (2) the extent to which 'the settlement will enable the parties to avoid anticipated burdens and expenses in establishing their respective claims and defenses'; (3) the seriousness of the litigation risks faced by the parties; (4) whether 'the settlement agreement is the product of arm's-length bargaining between experienced counsel'; and (5) the possibility of fraud or collusion." Wolinsky v. Scholastic Inc., 900 F. Supp. 2d 332, 335 (S.D.N.Y. 2012) (*quoting* Medley v. Am. Cancer Soc.,

No. 10-cv-3214 (BSJ), 2010 WL 3000028, at *1 (S.D.N.Y. July 23, 2010)); *see also* <u>Beckert v. Rubinov</u>, 2015 U.S. Dist. LEXIS 167052 at *3-4 (S.D.N.Y. 2015).

The Settling Parties have agreed to resolve these FLSA wage-and-hour claims for the total sum of $35,000.00, which will be paid as outlined in **Exhibit A**, divided between the Plaintiffs pro rata based on their estimated maximum potential damages, with Plaintiff Agapito receiving $7,345.76, Plaintiff Patricio receiving $2,067.38, Plaintiff Neri receiving $4,706.58, Plaintiff Rivera receiving $4,706.58, Plaintiff Mendoza receiving $3,167.04, and Plaintiffs' counsel receiving $13,006.66 as attorneys' fees and costs. While Plaintiffs estimate that had they recovered in full for their claims, they would be entitled to approximately $201,339.26, including liquidated damages, Plaintiff's estimated maximum back wages are $63,807.90.

The settlement will spare the parties the expense of finishing discovery, engaging in any motion practice and conducting a trial. Further, the settlement provides Plaintiffs with an immediate recovery, as opposed to a delayed recovery or none at all.

As for the litigation risks faced by the parties, Defendants have argued that they have an inability to pay, which could make further litigation wasteful and counterproductive for Plaintiffs. *See Angel v. Harvest C-Food*, 2015 U.S. Dist. LEXIS 150870 at *4-5 (S.D.N.Y. 2015) (approving FLSA settlement and stating, "Although the settlement will not come close to making plaintiffs whole, it appears to be the only rational alternative and appears to be the course of action that minimizes the injury suffered by plaintiffs."). Defendant AHDS Bagel LLC and 1101 Bagel Corp. filed bankruptcy cases in the Eastern District of New York (respectively, case nos 18-43039-nhl and 18-43041-nhl) that they claimed were necessitated by Plaintiffs' instant cases. Further, Defendants contended that their compensation and time records showed Plaintiffs were paid for virtually all of their overtime. Defendants' records and Plaintiffs' deposition testimony

significantly reduced any likelihood that Plaintiffs would recover anything comparable to what their full recovery would be if their allegations were established to be correct.

The settlement here is fair to Plaintiffs. Plaintiffs have been represented by counsel throughout this lawsuit and has made an informed decision to settle the action prior to trial, without incurring the costs or encumbrance of lengthy litigation. Furthermore, the settlement is the product of arm's-length bargaining between experienced counsel and there is no possibility of fraud or collusion.

### Plaintiffs' Attorneys' Fees are Fair and Reasonable

Under the wage-and-hour settlement, Plaintiff's counsel will receive $13,006.66 as attorneys' fees and costs, which is one-third of the net amount of the settlement after deducting costs, or $10,996.66, plus $2,010 in costs. This represents a reduction in fees from what is identified in the Plaintiff's retainer agreements, which provides that forty percent of the Plaintiffs' recovery will be retained by the firm, as well as costs.

The amount provided to the Plaintiffs' counsel under the settlement is fair and reasonable as it is consistent with the range of fees typically awarded in cases in this Circuit. Here, Plaintiffs' counsel's fee request is appropriate under these circumstances, as Plaintiff's counsel has billed $30,178.75, which is greater than the amount they will receive under the Agreement.

Given Plaintiffs' counsel's significant experience representing plaintiffs in New York City in wage and hour litigation, Plaintiffs' counsel was able to obtain a favorable pre-trial result due to the Settling Parties' cooperative exchange of information and frequent negotiations.

Attached hereto as **Exhibit B-D**, are Plaintiffs' attorneys' time records in these consolidated cases. A brief biography of each attorney who performed billed work in this matter is as follows:

Mr. Faillace is the Managing Member of Michael Faillace & Associates, P.C, and has been in practice since 1983. From 1983 to 2000, he was in-house Employment Counsel with International Business Machines Corporation (IBM). Mr. Faillace taught employment discrimination as an Adjunct Professor at Fordham University School of Law since 1992 and at Seton Hall University Law School from 1995 to 1998, and is a nationally-renowned speaker and writer on employment law. He also is the author of the ADA, Disability Law Deskbook: The Americans with Disabilities Act in the Workplace, published by Practicing Law Institute (PLI), and other employment law publications and presentations. His work is billed at $450 per hour and indicated by the initials "MF."

Joshua Androphy is a senior attorney at Michael Faillace & Associates. Androphy graduated from Columbia Law School in 2005, where he was a Harlan Fiske Stone Scholar and a managing editor for the Columbia Journal of Law and Social Problems. Following law school, Androphy worked as an associate at Olshan Frome Wolosky LLP, practicing commercial and employment litigation for seven years. Androphy joined Michael Faillace & Associates, P.C. in 2012 and has litigated more than one hundred employment actions, including over 20 trials. Androphy has been recognized as a Super Lawyers Rising Star for employment litigation in 2014, 2015, 2016, 2017, and 2018. His worked is billed at $400 per hour and is indicated by the initials "JA."

Paul Hershan was an associate at Michael Faillace & Associates, P.C. He graduated from Fordham University School of Law in 2012. Following law school, he gained extensive trial and appellate litigation experience in the field of criminal law. Paul served as an Assistant District Attorney with the Bronx County District Attorney's Office for three years, then practiced primarily in the area of criminal defense before joining Michael

Faillace & Associates, P.C. in April of 2018. His work is billed at $350 per hour and indicated by the initials "PH."

Marisol Santos was a litigation associate at Michael Faillace & Associates, P.C. Following law school, Ms. Santos cultivated a specialization in employment law, serving as a wage & hour associate at an employment firm in Queens, New York for a year and a half prior to joining Michael Faillace & Associates, P.C. After she joined the undersigned firm in October 2016, she was responsible for all aspects of the firm's employment docket in federal court. Her work is billed at $350 per hour and indicated by the initials "MS."

Finn Dusenbery is a former associate at Michael Faillace & Associates, P.C. He graduated from Brooklyn Law School in 2012. Following law school, he worked as a solo practitioner for about five years, mainly representing employees in wage and hour and discrimination cases. Subsequently, Finn worked for a plaintiffs'-side wage and hour class action firm from 2018 to 2019 and then joined Michael Faillace & Associates, P.C. His work is billed at $275 per hour and indicated by the initials "FD."

Work performed by paralegals is billed at the rate of $100 per hour and indicated by the initials "PL."

The requested attorneys' fees in the parties' settlement are reasonable under the circumstances and Plaintiffs have agreed to these fees by agreeing to the settlement amount. As a result, the fees should be approved.

**Conclusion**

Plaintiffs have been represented by counsel throughout this lawsuit, and Plaintiffs' counsel has agreed to the wage-and-hour settlement amount based on the approval of his client. Plaintiffs' interests have thus been adequately safeguarded.

In full consideration of the issues presented in <u>Cheeks</u>, we believe that the Settling Parties' agreement is fair and reasonable, and that the settlement should be approved. The proposed Stipulation and Order of Final Dismissal with Prejudice will be filed for so-ordering after execution of the Agreement and upon receipt of confirmation from the Court that the settlement has been approved.

Thank you for your consideration in this matter.

                Respectfully Submitted,

                <u>/s/ Joshua S. Androphy</u>
                Joshua S. Androphy
                Michael Faillace & Associates, P.C.
                *Attorneys for Plaintiffs*

cc:    Lawrence Morrison (via ECF)

       *Attorneys for Defendants)*